[No. 8,600. Department One.—November 6, 1884.]

IN THE MATTER OF THE ESTATE OF CHARLES HOPPER, DECEASED, THOMAS B. HOPPER, APPELLANT, AND WILLIAM LOEKER, EXECUTOR, ET AL., RESPONDENTS.

WILL—DEVISE—CONSTRUCTION—INTENTION OF TESTATOR.—When a testator makes a specific devise of a tract of land, and then sells a portion of the tract, and afterwards repurchases that portion, the whole tract will pass to the devisee on the death of the testator, if it is manifest from the terms of the will that it was the intention of the testator to dispose of all the property which he might own at the time of his death.

APPEAL from a decree of the Superior Court of the county of Napa.

The facts appear in the opinion of the court.

*Stanly, Stoney & Hayes*, and *Spencer & Henning*, for Appellants.

*J. J. May, E. W. McGraw, Crouch & Johnson*, and *A. J. Hull*, for Respondents.

ROSS, J.—Charles Hopper, on the 1st of April, 1868, made his last will and testament, which contained a devise to his son Thomas in these words: " I give, bequeath, and devise to my son Thomas B. Hopper, that portion of real estate he has inclosed and now has in his possession, supposed to be one hundred and forty (140) acres, more or less." At the date of the will, Thomas B. Hopper had inclosed and in his possession a portion of his father's land, containing about 140 acres. On the 14th of June, 1870, the testator sold and conveyed 18 acres and a fraction of this tract to one Baldwin, which portion, for convenience, will be referred to as the Baldwin tract; and on the 21st of February, 1871, sold and conveyed to one Forbes 18 acres thereof. On the 4th of October, 1871, the testator executed a codicil to his will, by which certain provisions of the will were altered, but which did not interfere with the devise to Thomas B. Hopper. On the 19th of July, 1872, the testator repurchased the Baldwin tract, and thereupon entered into possession of it, and remained in possession and seized in fee thereof until his death.

On the 25th of January, 1878, the testator conveyed to his son Thomas, by deed, that portion of the property devised to him not embraced in the conveyances to Baldwin and Forbes. After the death of the testator, which occurred on the 24th of September, 1880, his will, with the codicil, was duly admitted to probate, and administration upon his estate duly had. Upon the final distribution of the estate, the question involved in this appeal arose. That question is, Who is entitled to the Baldwin tract— Thomas B. Hopper, or the residuary legatees?

According to the rule of the common law, after-acquired real

estate did not pass by a will. And this rule was enforced so strictly, that a will was held to be inoperative upon real estate of which the testator was the owner at the time of the making of the will, and afterwards sold, repurchased, and died seized —which is the exact case at bar. Tested, therefore, by the rule of the common law, it is plain that Thomas B. Hooper would not be entitled to the disputed premises. But in this State, as in many others, that rule has been changed by statute. Section 22 of the Act of April 10, 1850, as amended in 1866 (Stats. 1865 –6, 381), provides : "Any estate, right, or interest in lands acquired by the testator after the making of his will, shall pass thereby and in like manner as if (possessed) at the time of making the will, if such shall manifestly appear by the will to have been the intention of the testator. Every will made in express terms, devising, or in any other terms denoting the intent of the testator to devise, all the real estate of such testator, shall be construed to pass all such real estate which such testator was entitled to devise at the time of the decease of such testator."

If, therefore, from a fair reading of the will in question, it appears that it was the intent of the testator thereby to devise all of the property of which he should die seized, it is within the operation of the statute to give effect to that intention. (Redfield on Wills, vol. 1, pp. 333, 338, 4th ed. ; *Brimmer* v. *Sohier*, 1 Cush. 132 ; *Winchester* v. *Forster*, 3 Cush. 369 ; *Liggat* v. *Hart*, 23 Mo. 127 ; *Quinn* v. *Hardenbrook*, 54 N. Y. 87.) "Every testator is aware," as said in *Brimmer* v. *Sohier*, *supra*, "that his will cannot take effect until after his death ; that, until that event, all his property remains at his disposal; and, ordinarily, it is from that period that his intention to settle its final distribution may be presumed." But the language of the will we are considering makes manifest the intent of the testator to dispose thereby of all of the property he might own at his death. By it he first directs payment of all his legal debts, after which he devises and bequeaths to his wife all the real estate, money and other property "which may remain after satisfying the following provision, for her sole use and benefit, during the term of her natural life, to be disposed of at her death as hereinafter mentioned." The provisions to be satisfied, according to the terms of the will, before the devise and

bequest to the wife becomes effective, are certain specific devises, among which is the one to Thomas B. Hopper. After these specific devises are satisfied and the debts paid, all of the remaining property is to go to the widow during her natural life, and afterwards as further directed by the testator.

We think the language of the will clearly denotes the intention of the testator to dispose of all of the property he should leave at the time of his death ; and as he owned the property in question at that time, and as by the terms of the will it is devised to Thomas B. Hopper, he is entitled to have it awarded to him in and by the decree of distribution.

Judgment reversed, and cause remanded for further proceedings not inconsistent with this opinion.

McKINSTRY, J., and McKEE, J., concurred.